**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Cr. No. 2:15-cr-20221-JTF-cgc |
| **JOE REED,** | ) ) ) | |
| a/k/a "FOUR TIMES," | ) ) | |
| **Defendant.** | ) ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND ORDER DENYING DEFENDANT'S MOTION TO
SUPPRESS JAIL CALLS**

Before the Court is the Defendant Joe Reed's Motion to Suppress Jail Calls with Supporting Memorandum filed on January 15, 2016. (ECF No. 54). On January 29, 2016, the undersigned Court referred the motion to the United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 62). On February 4, 2016, the Government filed a Response to the motion to suppress and to several other issues raised by the Defendant. (ECF No. 65). On March 17, 2016, the Magistrate Judge conducted a hearing on the motion. On May 9, 2016, the Magistrate Judge issued a report and recommendation that the Defendant's Motion to Suppress Jail Calls should be Denied. (ECF No. 129, ECF No. 137 and ECF No. 148). On May 22, 2016, the Defendant Joe Reed filed objections to the report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(C) and L.R. 72.1(g)(2). (ECF No. 149). The Government filed a reply to the Defendant's objections on May 27, 2016. (ECF No. 153).

1

Upon *de novo* review, the Court finds that the Magistrate Judge's report and recommendation should be adopted and the Defendant's motion to suppress should be DENIED.

## STANDARD OF REVIEW

A United States District Court Judge may refer certain dispositive motions, including motions to dismiss indictments, to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law for disposition by the District Judge pursuant to 28 U.S.C. § 636(b); *U.S. v. Houston*, Case No. 3:13-10-DCR, 2013 WL 3975405 *1 (E.D. Tenn. July 29, 2013). The District Judge may accept, reject or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den*., 448 U.S. 916 (1980). See 28 U.S.C. § 636 (b)(1)(B). While most actions by a Magistrate Judge are reviewed for clear error, motions to dismiss indictments and motions to suppress evidence are subject to *de novo* review. *See U.S. Fidelity and Guarantee Co. v. Thomas Solvent Co,* 955 F.2d 1085, 1088 (6th Cir. 1992).

## FINDINGS OF FACT

In the report and recommendation, the Magistrate Judge provided an overview of the case as well as proposed findings of facts for the undersigned Court's review. The Defendant objects to the Magistrate Judge's assertion in her proposed findings of fact that Greg Shaw was incarcerated and a named co-Defendant in the instant case. Reed argues, "Contrary to the assertion, Greg Shaw has never been a named defendant in this cause." (ECF No. 149, pp. 1-2). In footnote #2, the Magistrate Judge referred to the Government's response to the motion to suppress:

> [2]The Government additionally responded that Defendant lacks standing to challenge any calls made by another incarcerated individual, Greg Shaw ("Shaw") to a third party. The Government

> states that, even though Shaw was indicted as a co-defendant in the
> instant case, that does not remedy the Defendant's lack of standing.
> However, at the hearing on the instant motion, as only Call Three
> and Call Four are at issue, and as the Government asserts that
> Defendant was a party to those calls, the question of whether he
> has standing to raise a challenge to conversations made between a
> co-defendant and a third party is no longer at issue.

(ECF No. 148, p. 3, n. 2). Upon review of the Government's response, this Court finds that Greg Shaw was only identified as an inmate at the same jail housing Reed, not a co-defendant. (ECF No. 65, pp. 3-4). However, this fact has no impact on the recommendation before the Court. The Magistrate Judge discarded references to Shaw and the standing issue because Reed was a party to Calls Three and Four.[1] Noting the Defendant's objection to that portion of the report and recommendation, the Court will adopt the factual background of this case as otherwise described in the Magistrate Judge's report and recommendation. (ECF No. 148, pp. 1-3).

## REVIEW OF LEGAL CONCLUSIONS

Reed contends that the ten recordings offered by the Government as potential evidence should be suppressed as violations of Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510, 2525 and 2420(b)(1), *et seq.* (ECF No. 54, pp. 1-2). Reed argues that his motion to suppress should be granted because the monitoring and recordings of the calls were not conducted pursuant to court order. Further, Reed argues that the Government failed to adequately identify an applicable statutory exemption.[2]

The Government argues that the Defendant's motion to suppress the jail calls should be denied because Reed implicitly consented to the recording of his jail calls based on his

---

[1] Counsel for Reed acknowledged during the hearing that if the voice on Calls Three and Four was not Mr. Reed's, then Reed does not have standing to challenge the admissibility of the jail calls at trial and the instant motion would be denied by the Court. (ECF No. 137, pp. 21 and 23).

[2] During the motion hearing, the parties only addressed two of the ten telephonic recordings, Calls Three and Four. Therefore, the Magistrate Judge limited her report to only those calls. (Tr. ECF No. 137, pp. 7- 15).

3

subsequent use of the phone after being notified of the facility's recording and monitoring policy. (ECF No. 65, pp. 2-5).

Based on the testimony offered at the evidentiary hearing, the Magistrate Judge concluded that Reed had been advised by automated warning that each call made by an inmate at the Lauderdale County jail was monitored and/or recorded. The Magistrate Judge indicated that Reed had been adequately identified as one of the speakers on the phone calls. The Magistrate Judge noted that the other parties to the calls indicated that they were talking to Joe or "Four Times;" that other parties had confirmed that "Four Times" was Reed's nickname; Reed's father had also referred to him as Joe and "Four Times on other calls; and that Agent Alford recognized Reed's voice on the recordings from her meeting with him to obtain a DNA sample for use in another investigation. (ECF No. 137, pp. 9-10, 12, 15, 18-20, ECF No. 148, pp. 3-4, and p. 3 n. 2.). As such, the Magistrate Judge recommended that the Court deny Reed's motion to suppress because the two jail calls were exempted under the "law enforcement exception." The calls were made after the warnings and with Reed's implied consent. *United States v. Paul*, 614 F.2d 115, 116 (6th Cir. 1980). (ECF No. 148, pp. 5-6).

The Defendant objects to the Magistrate Judge's legal finding that Title III was not violated for the following reasons: 1) the Government failed to establish that the statutory exemption to 18 U.S.C. § 2510(5)(a) applies to these facts; 2) the Sixth Circuit has never held that the consent exception to Title III applies to calls made by pretrial detainees; and 3) implied consent does not satisfy the Fourth Amendment requirement of free and voluntary consent. *U.S. v. Sugiyama*, 113 F. Supp. 3d 784, 792 (D. Md. 2015).

Without judicial authorization, the intentional interception of telephone calls is prohibited under Title III. However, an exception exists for certain intercepts. A telephone being used by a

provider or electronic communication service in the ordinary course of business or by an investigative or law enforcement officer in the ordinary course of his or her duties is exempt from Title III. *See* 18 U.S.C. § 2510(5)(a)(ii) and *U.S. v. Friedman*, 300 F.3d 111, 121 (2nd Cir. 2002). Of course certain conditions must exist before the exception may be utilized. Most importantly, prior notice to an intended intercept party is an essential element of the law enforcement exception. *Adams v. City of Battle Creek,* 250 F.3d 980, 982 (6th Cir. 2001).

The Court concludes that the circumstances under which the calls were intercepted in this case fall within the law enforcement exception. It is clear that the jail facility generally notified all inmates, and specifically notified Reed, of its recording/monitor policy before calls were placed. *United States v. Amen*, 831 F.2d 373, 378 (2nd Cir. 1987) and *Paul*, 614 F.2d at 117 (Title III clearly applies to prison monitoring). It seems to this Court that the most important factor in determining admissibility of intercepted calls in a detainee circumstance is clear warning that calls are subject to monitoring/recording. Once the warning has been given, the detainee proceeds with the call at his/her peril.

The Court finds that the facts of this case are in alignment with cases where the statutory exemption of prison monitoring applies. In those cases, consent to such monitoring by inmates, whether pre or post-conviction, may be expressed or implied. *Amen*, 831 F.2d at 378-379. *U.S. v. Houston*, No. 1:13-cr-37, 2015 WL 1061971,*7-8 (E.D. Tenn. March 11, 2015), citing *United States v. Van Poyck*, 77 F.3d 285, 291 n.10 (9th Cir. 1996) (regarding the interception of phone calls with notice, it is of "no import that the defendant was a pretrial detainee instead of a convicted inmate"). The Agent confirmed that the prison's recorded warning message was given before both calls were placed. The Agent also testified that she recognized Reed's voice on the calls. (ECF No. 137, pp. 9 and 21).

5

Finally, Reed's argument that his consent in this case was not free and voluntary as required by the Fourth Amendment is without merit. Fourth Amendment application to jail telephone call circumstances is far more limited because inmates have no reasonable expectation of privacy in such calls. As said in *Paul*, "We note that defendants' claim is purely statutory. It still appears to be good law that so far as the Fourth Amendment is concerned, jail officials are free to intercept conversations between a prisoner and a visitor." *Paul*, 614 F.2d at 116; citing *Lanza v. New York,* 370 U.S. 139 (1962). See also, *Houston,* 2015 WL 1061971 at *6. Accordingly, Reed's objections to the Magistrate Judge's report and recommendation are overruled.

After reviewing *de novo* the Magistrate Judge's report and recommendation, and the Defendant's objections, the Court finds that the Magistrate Judge's report and recommendation should be adopted. It is therefore ordered that the Defendant's Motion to Suppress Jail Calls, ECF No. 54, is DENIED.

**IT IS SO ORDERED** on this 2nd day of June, 2016.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
